IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| THOMAS FITZPATRICK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case 6:19-cv-01111-JWB-JPO |
| | ) | |
| MID-AMERICA REDI-MIX, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

Comes now the Plaintiff, THOMAS FITZPATRICK, by and through his counsel of record Trinidad Galdean of Galdean LLC, and for his Complaint against MID-AMERICA REDI-MIX, Inc., states and alleges as follows:

### PRELIMINARY STATEMENT OF THE CASE

1. This is a lawsuit brought by the Plaintiff, THOMAS FITZPATRICK, who has been affected by illegal employment practices as set forth below, seeking permanent relief from unlawful employment practices related to unpaid compensation, and other terms and conditions during his employment with Defendant, MID-AMERICA REDI-MIX, INC. The Defendant violated the Fair Labor Standards Act, 29 U.S.C. §201 *et* seq ("FLSA"), on the basis of failing to pay compensation for work, improper docking, improper deductions, and unpaid overtime related to Plaintiff's job. Defendant also discriminated and retaliated against the Plaintiff after Plaintiff complained about the Defendant's actions violating the FLSA. With the above, Plaintiff seeks equitable relief, compensatory damages, punitive damages, liquidated damages, attorneys' fees and

1

costs, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which Plaintiff is entitled.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 28 USC §1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff, THOMAS FITZPATRICK, is a resident of Reno County, Kansas.

5. Defendant, MID-AMERICA REDI-MIX, INC. is a Kansas for-profit corporation organized and existing under the laws of the State of Kansas. Defendant may be served with process upon its resident agent, Dan Forker, Jr., Wiley Building, Ste. 605, 100 N. Main Street, Hutchinson, KS 67501.

## FACTS

6. Plaintiff was employed with the Defendant at all times material herein between December 2016 until July 3, 2019.

7. In the latter part of Plaintiff's employment, he worked as a dispatcher with the Defendant.

8. Defendant paid Plaintiff $17.50 per hour for time worked.

9. Plaintiff was required to clock in when beginning his work and to clock out when he went to lunch or finished working for the day.

10. During Plaintiff's lunch break, Plaintiff was not relieved from his duties.

11. Plaintiff only clocked himself out when he was relieved from his duties.

12. Defendant, however, had a practice to automatically clock employees out regardless of whether the employee took any lunch break and regardless of the employee being relieved from his/her duties.

13. Defendant docked Plaintiff's wages from time worked in the form of a deduction of a minimum of a half-hour when the Plaintiff did not take any lunch break or when the Plaintiff was not relieved from his duties during lunch.

14. Plaintiff did not authorize the docked wages nor the deduction of any half-hour time from his wages when no lunch break was taken or not relieved from duties

15. Defendant did not supply Plaintiff with any guaranteed wages per week.

16. During the designated lunch break, Plaintiff was required to answer phone calls, assist in loading of trucks, and monitor computer data.

17. Plaintiff frequently worked between 50 to 60 hours per week.

18. Defendant did not pay Plaintiff for any overtime compensation, in the form of an additional half the Plaintiff's hourly rate of pay for any time worked over forty (40) hours per week.

19. Plaintiff complained to Defendant about the improper docking and deduction from his compensation for lunch time which Plaintiff never took and which the Defendant automatically deducted from Plaintiff's wages.

20. After Plaintiff complained to Defendant about unauthorized docking and improper deductions, Defendant told the Plaintiff that he should terminate his employment.

21. After Defendant did not cure the unauthorized docking and improper deductions, Plaintiff was forced to leave his employment with the Defendant.

22. Plaintiff was aware of other employees complaining to the Defendant about Defendant's improper docking and improper deductions from employees' wages.

23. Plaintiff never received a written job description from Defendant on Plaintiff's job or duties.

24. Prior to July 2019, Plaintiff's had satisfactory job performance while working with the Defendant.

## COUNT 1 – FLSA CLAIM FOR UNPAID WAGES FROM IMPROPER DOCKING

25. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

26. At all times herein, Defendant was an "employer" within the meaning of the Department of Labor and the FLSA.

27. Defendant was required to comply with the FLSA in the employment of Plaintiff.

28. Plaintiff was entitled to be paid for all time worked with the Defendant.

29. Defendant's docking and improper deductions from Plaintiff's wages for lunch breaks not taken by the Plaintiff violated the FLSA.

30. Defendant's docking and improper deductions of Plaintiff's wages when Plaintiff was not relieved from performing duties and activities during any lunch break violated the FLSA.

31. Defendant's practice of automatically docking or improper deducting Plaintiff's wages for lunch breaks not taken was a reckless disregard of Defendant's compliance with the FLSA.

32. Defendant's practice of automatically docking or deducting an employee's wages for lunch breaks not taken, after employees complained of such improper practice, was a willful and intentional disregard of Defendant's compliance with the FLSA.

33. Defendant's actions related to docking and improper deductions violated the FLSA.

34. Plaintiff is owed wages for time worked which the Defendant docked or improperly deducted from Plaintiff's wages.

35. Plaintiff is owed wages of $17.50 per hour for time worked which the Defendant docked or improperly deducted from Plaintiff's wages.

36. Plaintiff is entitled to damages in the minimum amount of $2,275.00 per year during Plaintiff's employment for the Defendant's improper docking and deductions in violation of the FLSA.

37. Plaintiff is entitled to damages during the past 3 years for the Defendant's willful and reckless disregard of the FLSA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid compensation, damages, liquidated damages, penalties, attorney's fees, expenses, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which he is entitled.

## COUNT 2 – FLSA CLAIM FOR UNPAID OVERTIME

38. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

39. Plaintiff was entitled to overtime compensation during his employment with the Defendant.

40. Plaintiff was not exempt from overtime compensation during his employment with the Defendant.

41. In the alternative, Defendant's docking and improper deductions from Plaintiff's wages entitled Plaintiff to the payment of overtime wages.

42. Plaintiff was entitled to overtime compensation during the last 3 years of Plaintiff's employment with Defendant.

43. During Plaintiff's employment, Defendant was required to follow the FLSA on overtime compensation.

44. Defendant knew Plaintiff was not subject to any overtime exemption under the FLSA.

45. Defendant violated the FLSA by failing to pay Plaintiff overtime compensation.

46. Because of Defendant's knowledge of requirements under the FLSA, Defendant's violation of FLSA was willful.

47. Plaintiff has been damaged by Defendant's illegal employment conduct under the FLSA.

48. Plaintiff is entitled to damages in the minimum amount of $4,550.00 per year during Plaintiff's employment for the Defendant's failure to pay Plaintiff overtime under the FLSA.

49. Plaintiff is entitled to damages during the past 3 years for the Defendant's willful and reckless disregard of the FLSA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid compensation, damages, liquidated damages, penalties, attorney's fees, expenses, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which he is entitled.

### COUNT 3 – FLSA DISCRIMINATION & RETALIATION

50. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

51. Plaintiff complained to the Defendant about the improper docking, improper deductions and unpaid overtime.

52. Plaintiff's complaints were protected activity under the FLSA.

53. Defendant discriminated and retaliated against the Plaintiff by continuing with the adverse action of continued docking the Plaintiff's pay and by threatening Plaintiff for participating in protected activity.

54. Defendant took adverse action against the Plaintiff after the complaint by failing to correct the non-payment of wages and by threatening Plaintiff with termination.

55. Plaintiff is entitled to damages in the minimum amount of $30,000.00 for the Defendant's actions of discrimination and retaliation in violation of the FLSA.

WHEREFORE, Plaintiff also prays for judgment against the Defendant for past and future lost wages, liquidated damages, penalties, attorney's fees, expenses, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which he is entitled.

Respectfully submitted,

By: /s/Trinidad Galdean              .
Trinidad Galdean #22973

GALDEAN LLC
PO Box 780076
Wichita, KS 67278
(316) 252-1232 Phone
(316) 462-0987 Fax
trinidad@galdean.com

*Attorney for Plaintiff*

## JURY DEMAND

COMES NOW, the Plaintiff and requests a jury in this cause of action.

                                              Respectfully submitted,

                                              By:    /s/Trinidad Galdean       .
                                                          Trinidad Galdean #22973
                                                          Galdean LLC
                                                          *Attorney for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

COMES NOW, the Plaintiff and designates Wichita, Kansas as the place of the trial for this action.

                                              Respectfully submitted,

                                              By:    /s/Trinidad Galdean       .
                                                          Trinidad Galdean #22973
                                                          Galdean LLC

                                                          *Attorney for Plaintiff*